## RHODES & DAYTON v. McKEAN.

1. **Statute of frauds:** PARTNERSHIP: AGREEMENT TO PAY DEBTS OF PARTNER. An agreement by a partner that goods purchased of the firm may be applied in payment of the individual debt of his copartner to the purchaser is not within the statute of frauds, and may be established by parol.

*Appeal from Linn Circuit Court.*

FRIDAY, MARCH 25.

ACTION upon an account for certain goods sold to the defendant. The suit was commenced before a justice of the peace, where a trial was had which resulted in a judgment for the defendant. An appeal was taken to the Circuit Court, where there was a trial by jury and a verdict and judgment for the defendant. Plaintiffs appeal.

*Geo. W. Wilson*, for appellants.

*J. B. Young*, for appellee.

ROTHROCK, J.—The defendant admitted that he purchased the goods of Reichord & Halman, the assignors of plaintiff, but alleged that he had fully paid therefor in the following manner: That said Reichord was indebted to him upon a promissory note, and that

*1. STATUTE OF FRAUDS: agreement to pay debt of partner.*

he obtained said goods under an express verbal agreement with Reichord, which was ratified by his copartner Halman, that the goods purchased should be applied as a credit on said note, and that in pursuance thereof defendant made the proper credit on the note.

The amount in controversy being less than $100, the circuit judge certified to this court the following question of law for our decision. " Is parol evidence admissible to show the assent or promise of Reichord & Halman, or the individual partners of said firm, made at or after the time the defendant commenced trading, that the goods purchased should be accredited on the individual note of Reichord owing the defendant, as shown by the evidence in the case."

It is urged that the verbal assent or promise on the part of Halman that the goods purchased should be credited on the note of Reichord is within the statute of frauds, as being the verbal promise to answer for the debt of another. This is a mistake. When Halman assented to the arrangement made with Reichord it was no more than an assent that as between himself and Reichord credit should be given to the latter. No credit was given to the defendant. The goods should have been charged to Reichord on the books of the partnership. If the arrangement was in any sense a promise by Halman to pay the debt of his partner it is too late to question the validity of the promise after the debt has been paid by the delivery of the goods.

Counsel will understand that we determine nothing but the question of law certified, and that we cannot dispose of the questions of fact presented in argument.

AFFIRMED.